[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11789

_____

D.C. Docket No. 1:09-cr-20628-DLG-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIA PELUFFO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2014)

Before ANDERSON and GILMAN,[*] Circuit Judges, and JOHNSON,[**] District Judge.

---

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[**] Honorable Inge Prytz Johnson, United States District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

In this direct criminal appeal, Defendant makes only two arguments. First, Defendant argues that there was insufficient evidence to support the jury's verdict. As part of this argument, Defendant maintains that her completion of the several change of address forms was a mere ministerial act performed by her at the direction of her employer. Second, Defendant argues that she was improperly charged under 18 U.S.C. §1001(a)(2), which, she argues, applies only to oral statements, while §1001(a)(3) applies to written statements. We reject both arguments and affirm.

We conclude that the evidence was sufficient to support the jury's finding that Defendant made the several statements as charged, that the statements were material and false, and that they were made with specific intent to deceive the Postal Service. The Defendant admitted signing the names of four persons on five change of address forms she submitted to the Postal Service, in each case requesting that the named person's mail addressed to the old address be forwarded instead to a new address, a Post Office box controlled by her employer. There was ample evidence that Defendant knew that the new address was a Post Office box controlled by her employer. The form which Defendant signed expressly provided as follows:

> The forms contain a provision, requiring a signature, that:
> The person who prepares this form states that he or she is the person, executor, guardian, authorized officer, or agent of the person for whom mail would be forwarded under this order. Anyone submitting

> false or inaccurate information on this form is subject to punishment
> by fine or imprisonment or both under Sections 2, 1001, 1702 and
> 1708 of Title 18, United States Code.

Defendant obviously knew she was not the person whose name she signed.  And the jury could find that she knew she was not authorized by the named persons to sign their names.  Especially in light of the fact that Defendant signed the names of others on this change of address form twenty-seven times and especially in light of the fact that Defendant repeatedly simply signed the names of others instead of signing her own name as authorized agent of the named person, as the form expressly suggested, we believe the jury could reasonably infer that the Defendant submitted the false statements with specific intent to deceive the Postal Service.  Finally, the jury could reasonably have rejected the Defendant's argument that she merely performed an innocent ministerial act at the direction of her employer; falsely signing someone else's name on a document to be submitted to a federal agency is such an unusual – and obviously wrong – act that the jury could infer that a reasonable employee would not do that merely because her employer asks her to do so.  This is so especially because even an employee who felt pressure from her boss could have signed her own name as authorized agent, as the form expressly suggested.  Also, this is so  especially in light of the fact that the form expressly warns of the criminal significance of false information.

3

Turning to Defendant's argument that she was improperly charged under 18 U.S.C. §1001(a)(2), we reject this argument as untimely.  Challenges to indictments must be raised before trial unless the claim is that the indictment does not state an offense or does not invoke the court's jurisdiction.  Fed.R.Crim.P. 12(b)(3).  This indictment clearly states a crime and invokes the court's jurisdiction.  See United States v. Hutcheson, 312 U.S. 219, 229, 61 S. Ct.  463, 464 (1941).  Therefore, we reject Defendant's argument as untimely.

Accordingly, the judgment of the district court is

AFFIRMED.